UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 25-24569-MAM |
| | : | (Jointly Administered) |
| CCH JOHN EAGAN I PARTNERS, LLC, CCH JOHN EAGAN II PARTNERS, LLC, | : | Chapter 11 |
| Debtors. | : | |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (II) APPROVING THE FORM AND MANNER OF NOTICE OF THE SALE, (III) SCHEDULING A SALE APPROVAL HEARING, AND (IV) AUTHORIZING THE SALE OF THE ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS [DKT. NO. 239]**

The Official Committee of Unsecured Creditors appointed in the above-captioned chapter 11 cases (the "**Committee**"), hereby objects (the "**Objection**") to the *Debtors' Motion For Entry Of An Order (i) Approving Bidding Procedures In Connection With The Sale Of Substantially All Of The Debtors' Assets, (ii) Approving The Form And Manner Of Notice Of The Sale, (iii) Scheduling A Sale Approval Hearing, And (iv) Authorizing The Sale Of The Assets Free And Clear Of Liens, Claims, Encumbrances, And Interests* [Docket No. 239] (the "**Sale Motion**"). In support of this Objection, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT[1]

The Committee appreciates the Debtors' willingness to pivot to a Sale process and is generally supportive of the proposed Sale, but has significant concerns regarding the proposed Bidding Procedures. The Committee believes that the proposed Bidding Procedures do not

[1] Capitalized terms in this Preliminary Statement shall have the meanings ascribed to them later in this Objection.

provide for a sufficiently robust marketing and sales process and independent decision making that includes input by the Committee. Specifically, the Committee believes that (i) the marketing period is too short, particularly given that the broker has not yet been identified or retained, (ii) the Bidding Procedures give the Debtors too much unilateral discretion to determine Qualified Bids, set rules for the Auction and determine the Successful and Back-Up Bidders, without consultation with or input from the Committee, and (iii) the Stalking Horse PSA is outdated and contains several provisions that provide for deadlines that have passed and/or are inappropriate in bankruptcy, in particular unacceptable due diligence and financing contingencies. Prior to filing this Objection, the Committee communicated its concerns to the Debtors and proposed changes to the Bidding Procedures and the Stalking Horse PSA. The Committee remains willing to work with the Debtors to revise the Bidding Procedures to a process that the Committee can support. If the parties are not able to reach agreement, the Committee asks that the Court approve the revised proposed Bidding Procedures attached to AHA's objection to the Sale Motion and direct the Debtors to make the changes to the Stalking Horse PSA outlined below.

## **BACKGROUND**

1. On December 10, 2025 (the "**Petition Date**"), CCH John Eagan I Partners, LLC and CCH John Eagan II Partners, LLC (jointly, the "**Debtors**") filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code.

2. The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On March 2, 2026, the Office of the United States Trustee, pursuant to section 1102(a) of the Bankruptcy Code, appointed the Committee. The Committee is currently comprised of the following members: (i) Yalvitzs Jones, Corine 51 LLC; (ii) G. Patrick

Williams, Williams Cleaning Service; (iii) Arnold E. Little, Sr., Arnold E. Little Heating & Air Conditioning, LLC; (iv) Herman Otis Favors III, Favors Property Group Contracting, LLC; (v) Christopher Green and Shavonne Ochoa, Epidemic Home Services; (vi) Marshall Andrea, Siix Agency, LP; and (vii) Ronald Amsterdam, 39-Holdings, LLC. The Committee selected Cullen and Dykman as its counsel on May 11, 2026.

4. On May 11, 2026, the Committee elected to retain Cullen and Dykman LLP to represent it in this case. Cullen and Dykman LLP retention application [Dkt No. 159] is pending and scheduled for hearing on July 7, 2026 [Dkt. No. 160].

5. On March 9, 2026, the Debtors filed the Disclosure Statement and the Plan. The Debtors' current exclusive period to solicit acceptance of the Plan was extended through October 29, 2026 [Dkt. No. 260]. The Committee anticipates that the Plan and Disclosure Statement will be amended to reflect the proposed sale of the Debtors' assets.

6. On June 30, 2026, the Committee filed an objection to the Debtors' Disclosure Statement [Dkt. No. 174]. The Committee noted concerns regarding the feasibility of the Debtors' Plan and joined in Housing Authority of the City of Atlanta, Georgia's (the "**AHA**") call for a sale of the Debtors' assets.

7. On August 25, 2026, the Debtors filed the Sale Motion[2] seeking to set a bidding procedures (the "**Bidding Procedures**") and a sale process (the "**Sale**"). The Bidding Procedures seek to establish a less than 60 day marketing process to be run by a yet to be identified or retained real estate broker. The Debtors propose that Qualified Bids would be due November 10, 2026. The Sale Motion also seeks to approve two almost year-old purchase agreements (together, the "**Stalking Horse PSA**") with a proposed stalking horse bidder (the

[2] Capitalized terms not defined in this Objection shall have the meanings ascribed to them in the Sale Motion.

“**Stalking Horse**”) that is outdated and contains unacceptable due diligence and financing contingencies. The Bidding Procedures give the Debtors unilateral discretion to approve Qualified Bids, set rules for the Auction and choose the Successful Bidder and Back-Up Bidder. And finally, the proposed timeline would require objections to the Sale before the Auction is held and the Successful and Back-Up Bidders are identified.

**OBJECTION AND LEGAL SUPPORT THEREFOR**

8. The Committee is generally supportive of the proposed Sale but has significant concerns that the Debtors are not engaging in a sufficiently robust marketing and sales process that is independent and provides for input by the Committee. The Committee has communicated to the Debtors its concerns and some proposed changes to the Bidding Procedures. Specifically:

- The marketing process is too short, particularly given that the broker has not yet been identified or retained.
- The Bidding Procedures give the Debtors too much unilateral discretion. The Debtors alone get to determine Qualified Bids, set rules for the Auction and determine the Successful and Back-Up Bidders, without consultation with or input from any other party including the Committee.
- The Stalking Horse PSA is outdated and contains unacceptable due diligence and financing contingencies.

AHA circulated proposed changes to the Bidding Procedures that address the first two of these concerns (the “**AHA Revised Bidding Procedures**”). The AHA Revised Bidding Procedures are attached to AHA’s objection to the Sale Motion [Dkt. No. 258]. The Committee concurs with the AHA Revised Bidding Procedures and has requested that the Debtors make these changes to the Bidding Procedures and the Committee’s changes to the proposed Stalking Horse PSA to address the following concerns:

- The Stalking Horse PSA contains unacceptable due diligence and financing contingencies:
    - Stalking Horse PSA §7.a – this condition should be deleted, and any diligence should be conducted prior to submission of the bid.

    - Stalking Horse PSA §7.b and c – these financing contingencies renders the bid too conditional to provide an adequate floor for the bidding and should be deleted.
- The Stalking Horse PSA was executed prepetition and has several outdated provisions some of which have been corrected by the May 26, 2026 Amendment, but not the following:
    - The closing date expired in December 2025. This should be updated or deleted. Stalking Horse PSA §9.a.
    - The mandatory acceptance date expired in October 2025. This provision should be stricken.
    - The attorneys' fees provision should be stricken. Stalking Horse PSA §16.
    - Section 15 is confusing; it references reps and warranties but doesn't contain any. This provision should be stricken. Stalking Horse PSA §15.

9. The Committee has not received any response from the Debtors regarding the AHA Revised Bidding Procedures and the Committee's comments to the Stalking Horse PSA. The Committee remains willing to work with the Debtors toward acceptable Bidding Procedures, but if agreement cannot be reached the Committee requests that the Court approve the AHA Revised Bidding Procedures and direct the Debtors to amend the Stalking Horse PSA as outlined above.

10. The Committee believes that these proposed changes are necessary to ensure that the Debtors' marketing process and Bidding Procedures will generate the best available bids. "It is a well-established principle of bankruptcy law that the objective of bankruptcy sales and the trustee's duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate." *See, e.g., In re Atlanta Packaging Prods., Inc.*, 99 B.R. 124, 131 (Bankr. N.D. Ga. 1988). The *Atlanta Packaging* Court recognized that competitive bidding is necessary to obtain the best value. *Id.* Bidding can only be truly competitive if the assets are properly, and over a sufficient time period, marketed to all potential buyers. The *In re 160 Royal Palm, LLC* case cited by the Debtors specifically noted that the debtors in those cases extensively marketed the assets for many months. *In re 160 Royal Palm, LLC*, No. 18-19441-EPK, 2019 WL 1224600

*19 and 36 (Bankr. S.D. Fla. Mar. 14, 2019), aff'd, 600 B.R. 119 (S.D. Fla. 2019), aff'd, 785 Fed. Appx. 829 (11th Cir. 2019); (approving the sale based in part on finding that the debtors engaged in "many months of extensive marketing and communications with potential buyers.").

11. The Committee believes that the AHA Revised Bidding Procedures and the Committee's proposed changes to the Stalking Horse PSA are necessary to maximize the value of the Sale to the Debtors' estates. The Committee is ready and willing to work with the Debtors toward acceptable Bidding Procedures, but if agreement cannot be reached, the Committee requests that the Court approve the AHA Revised Bidding Procedures and direct the Debtors to amend the Stalking Horse PSA as outlined above.

12. The Committee reserves its rights to assert further objections or proposed changes to the Bidding Procedures and the Sale process as these evolve over the next week and to object to the ultimate Sale if appropriate.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record or pro se parties via the Court's CM/ECF notification to those parties who are registered CM/ECF participants in this case on September 11, 2026.

Dated: September 11, 2026

CULLEN AND DYKMAN LLP

By: _*/s/ Konstantine Traganas*________
Konstantine Traganas
Michael H. Traison
Michelle McMahon
375 S. County Road, Suite 210
Palm Beach, Florida 33480
Telephone: (312) 860-4230
Email: ktraganas@cullenllp.com
mtraison@cullenllp.com
mmcmahon@cullenllp.com

Counsel for the Official Committee of Unsecured Creditors